UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KENNETH BERNARD DAVIS,<br>Plaintiff,<br><br>v.<br><br>HOLCIM BUILDING ENVELOPE,<br>Defendant. | Case No. 3:25-cv-01428<br><br>Chief Judge William L. Campbell, Jr.<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

On August 10, 2026, plaintiff filed a motion for leave to file a first amended complaint. (Doc. No. 29.) The proposed first amended complaint would address several issues that defendant raised in its pending motion to dismiss. More specifically, plaintiff summarizes his reasons for amendment as follows:

> Defendant's pending partial motion to dismiss (Dkt. No. 18) argues that the original *pro se* Complaint (Dkt. No. 1) does not identify Plaintiff's disability, does not plead the content of his protected activity or the decisionmakers' knowledge of it, and asserts claims beyond the scope of, or untimely under, his EEOC charge. The proposed First Amended Complaint is directed to those asserted deficiencies, so that the case may be decided on its merits rather than on the form of a *pro se* pleading.

(Doc. No. 29 at 1.) Defendant did not respond to the motion.

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs plaintiff's motion for leave to amend. Under the rule, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 emphasizes that cases should be tried on the merits rather than on the technicalities of pleadings, *see Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted), but "leave to amend should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 495 (6th Cir. 2011) (internal quotation marks

and citation omitted). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994) (citation omitted). Futility means that a proposed amendment would not survive a hypothetical motion to dismiss under Rule 12. *See SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citation omitted).

The Court has reviewed the proposed first amended complaint and finds that leave to amend is appropriate. Plaintiff completed the original complaint using a pro se form; the proposed first amended complaint would allow him to assert a more complete narrative of events, whatever the outcome of a renewed motion to dismiss might be. Plaintiff has not sought any prior amendments, and at these earliest stages of the case, amendment will not cause defendant any prejudice. Under the circumstances, and given the lack of opposition to the motion, amendment should be allowed.

**Conclusion**

For the above reasons, the Court GRANTS plaintiff's motion for leave to amend (Doc. No. 29). The Clerk of the Court is DIRECTED to accept the proposed first amended complaint (Doc. No. 29-1) as the first amended complaint in this case and to assign the first amended complaint a new docket entry number. Rule 15(a)(3) will govern the time to respond to the first amended complaint unless an extension is sought by proper motion.

The Court also DENIES[1] defendant's partial motion to dismiss (Doc. No. 18) but without prejudice to filing an updated motion that addresses the first amended complaint.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge

---

[1] The Court has concluded that a non-dispositive resolution to the motion is appropriate, given the denial without prejudice. Under the circumstances here, because the "penalty to be imposed, rather than the penalty sought by the movant" controls magistrate judge authority, *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995), the Court is proceeding by order rather than by report and recommendation. *Cf. Fowler v. Tenth Planet, Inc.*, 673 F. Supp. 3d 763, 768 (D. Md. 2023) (standard of review for Rule 37 dismissal sanction "is governed by the result the Magistrate Judge determines") (citations omitted); *Edwards v. DeBord*, No. 7:18-CV-00423, 2021 WL 5827324, at *3 (W.D. Va. Dec. 8, 2021) (same) (citations omitted).